IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS LATRELL ELLIS, | § | |
| TDCJ-CID #752498, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0638 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before this court is a Petition for a Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, filed by Marcus LaTrell Ellis, an inmate of the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID). (Docket Entry No. 1)  After reviewing the pleadings and available state court records, the court will dismiss Ellis's habeas petition because it is untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996.  28 U.S.C. § 2244(d).

## I.  Procedural History and Claims

A jury found Ellis guilty of murder and sentenced him to seventy-five years in the TDCJ-CID.  State v. Ellis, No. 718891 (182nd Dist. Ct., Harris County, Tex., May 16, 1996).  Ellis filed

an appeal after the conviction, and the Court of Appeals for the First Judicial District of Texas affirmed the trial court's judgment. Ellis v. State, No. 01-96-00660-CR, 1997 WL 665492 (Tex. App. -- Hous. [1st Dist.] Oct. 16, 1997).   There is no indication in Ellis's pleadings or in any record that a petition for discretionary review was filed after the appeal was affirmed.  See Petition (Docket Entry No. 1), at 3.   See also Texas Judiciary Online Website, http://www.courts.state.tx.us/.

On February 28, 2005, Ellis filed a state application for a writ of habeas corpus challenging the conviction.  See Petition, at 3.  The application was forwarded to the Court of Criminal Appeals, which denied it without a written order on June 15, 2005, based on the trial court's findings.   Ex parte Ellis, No. WR-61,812-01. Petition, at 4.  See also Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/.

The pending federal petition is considered filed on January 14, 2006, the date of Ellis's signature and the earliest possible date he could have given the petition to a TDCJ-CID official for delivery to the Clerk of this court.  Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Ellis raises the following claims:

1.   Trial counsel was ineffective by failing to:
     (a)  conduct an independent investigation;
     (b) protect Ellis's confrontation rights; and

(c) request jury instructions regarding an alleged co-defendant's inculpating statements.

2.    Appellate counsel was ineffective by failing to: (a) raise obvious and significant issues on appeal; and (b) discover instructional error.

3.    Ellis's confession was coerced and involuntary.

4.    Ellis's right against self-incrimination was violated.

## II.  <u>One-Year Statute of Limitations</u>

Ellis's federal habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitation period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

-3-

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it. See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Because Ellis challenges the validity of a state court judgment, his challenge is subject to the time limit set out under § 2244(d)(1)(A). The pleadings and records indicate that Ellis's conviction became final on November 15, 1997, the last day that he could have filed a petition for discretionary review. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (the limitations period commenced when the period for filing a PDR in state court ended), citing TEX. R. APP. PROC. 68.2(a); see also TEX. R. APP. PROC. 202(b) (West 1997). Therefore, Ellis needed to either file his federal habeas petition by November 15, 1998, or toll the running of the limitation period by filing a state application for a writ of habeas corpus before that date. 28 U.S.C. §§ 2254(d)(1)(A), 2254(d)(2). Any subsequent state habeas application would not toll

-4-

the limitations period because it would have been filed after the period had expired. <u>See</u> <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, Ellis's state habeas application, which was filed on February 28, 2005, is unavailing.

Ellis's current federal habeas petition was filed on January 14, 2006, more than seven years after the expiration of the limitation period. Ellis has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which Ellis's petition is based. 28 U.S.C. § 2244(d)(1)(C).

Ellis alludes to a co-defendant, Demontrone Dues, who is alleged to have recanted a statement that previously incriminated Ellis and supported his conviction. <u>See</u> <u>Ellis v. State</u>, 1997 WL 665492, at *1 (Dues admitted that he was a party to the robbery-murder and that Ellis was the shooter.). Attached are affidavits from Dues that previously implicated Ellis in 1995, and a recent statement in which Dues declares that he was tricked and coerced into making the statements against Ellis. (Docket Entry No. 1, Exhibit C) However, these documents do not present new information that was previously unavailable to Ellis, and he is not entitled to an extended delay for gathering evidence in support of his habeas challenge. 28 U.S.C. § 2244(d)(1)(D); <u>Escamilla v. Jungwirth</u>, 426 F.3d 868, 870 (7th Cir. 2005) (claims of witness coercion could have been previously discovered); <u>Flanagan</u>, 154 F.3d at 198-99.

-5-

Equitable tolling does not apply to this proceeding because Ellis has not presented any rare and exceptional circumstances that would justify tolling.  Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999).  Therefore, this action is subject to dismissal because it was filed more than one year after the convictions became final.  28 U.S.C. § 2244(d)(1)(A).

### III.  Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural

-6-

ruling." <u>Beasley</u>, at 263, <u>quoting</u> <u>Slack</u>, 120 S.Ct. at 1604; <u>see</u> <u>also</u> <u>Hernandez v. Johnson</u>, 213 F.3d 243, 248 (5th Cir. 2000).   A district court may deny a Certificate of Appealability, <u>sua</u> <u>sponte</u>, without requiring further briefing or argument.   <u>Alexander v.</u> <u>Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).   The court has determined that Ellis has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

### IV.   Conclusion and Order

Accordingly, the court **ORDERS** the following:

1.    The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.   28 U.S.C. § 2244(d).

2.    A Certificate of Appealability is **DENIED**.

3.    The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 5th day of April, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE